UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVERY C. THOMPSON SMITH,

    Plaintiff,

v.

                                CASE No. 1:20-CV-901

                                HON. ROBERT J. JONKER

CITY OF LANSING, et al.,

    Defendants.

_____/

## **ORDER**

       The matter is before the Court on pro se Plaintiff's motion for Temporary Restraining Order (ECF No. 3). The Court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required. FED. R. CIV. P. 65(b)(1). Plaintiff has not satisfied this burden.

       The record does not include a verified complaint or affidavit; nor does it include a certification of any effort made to give notice or why notice should not be required. The motion for TRO fails on this ground alone. But even accepting Plaintiff's allegations, there is no basis for emergent relief. Plaintiff complains about a foreclosure auction scheduled for September 16, 2020—the same date Plaintiff initiated this lawsuit. But the events Plaintiff complains about—by Plaintiff's own account—stem from disputes beginning nearly three years ago in October 2017. Equity demands equity, and Plaintiff offers no reason for waiting until now to file suit. Moreover,

the normal state process and protections would appear to be available to Plaintiff. For these reasons, the Court concludes that Plaintiff is not entitled to an *ex parte* temporary restraining order.

The motion to proceed under a pseudonym (ECF No. 4) is also denied. Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption. *See* FED. R. CIV. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Courts begin with the presumption of open judicial proceedings. *See Porter*, 70 F.3d at 560. A plaintiff may proceed under a pseudonym only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Litigation is presumptively public, and none of Plaintiff's arguments persuade the Court that privacy interests outweigh the presumption in favor of public proceedings here. Accordingly, Plaintiff's motion to proceed under pseudonym is denied. If Plaintiff wishes to proceed with this litigation, Plaintiff shall file an Amended Complaint in his or her given name not later than September 30, 2020. If Plaintiff fails to do so, this action may be dismissed for lack of prosecution.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) is **DENIED.**

2. Plaintiff's motion to proceed under a pseudonym (ECF No. 4) is **DENIED.** If Plaintiff wishes to proceed with this litigation, he or she shall file an Amended Complaint in his or her given name not later than **September 30, 2020.**

Dated:   September 16, 2020            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE