UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY JEAN CALKINS-DARLING,

    Plaintiff,                         Hon. Robert J. Jonker

v.                                            Case No. 1:20-cv-901

CITY OF LANSING, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

For the reasons articulated herein, the undersigned recommends that this action be dismissed, pursuant to 28 U.S.C. § 636(b)(1)(B), for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Plaintiff initiated this action on September 16, 2020, by filing an 82-page complaint against the City of Lansing, Ingham County, the Ingham County Board of Commissioners, three named individuals, and twenty-two unknown individuals. (ECF No. 1). Plaintiff later submitted a 174-page amended complaint. (ECF No. 12). Plaintiff alleged that Defendants seized her animals and designated her residence as unsafe for habitation in violation of her constitutional rights.

On January 20, 2021, the Court entered a Case Management Order. (ECF No. 37). The parties were given until August 31, 2021, to complete discovery with dispositive motions due the following month. On September 30, 2021, Defendants filed

-1-

motions to dismiss and/or for summary judgment. (ECF No. 42 and 45). Multiple defendants argued that Plaintiff's complaint should be dismissed for failure to prosecute given her refusal to make the disclosures required by the Court's Case Management Order and otherwise ignoring requests for discovery. (ECF No. 45).

On November 1, 2021, Plaintiff moved for an extension of time to respond to Defendants' motions. (ECF No. 48). Plaintiff was granted until December 1, 2021, to respond to Defendants' motions. (ECF No. 49). On December 1, 2021, Plaintiff requested a second extension of time. (ECF No. 50). This motion was granted and Plaintiff's deadline was extended to January 15, 2022. (ECF No. 52). The Court advised Plaintiff that there would be no further extensions. (*Id.*).

As of January 28, 2022, Plaintiff had neither responded to Defendants' motions nor otherwise communicated with the Court. Accordingly, the Court issued an Order directing Plaintiff to appear in person before the undersigned on February 7, 2022, to "show cause why this case should not be dismissed for failure to prosecute and for failure to comply with Court orders." (ECF No. 57). The Court expressly warned Plaintiff that "[f]ailure to appear may result in the dismissal of this case." (*Id.*). Plaintiff failed to appear on February 7, 2022, as directed.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice. Plaintiff has failed to participate in discovery, disregarded her obligations under the Case Management Order, and failed to respond to Defendants' dispositive motions, despite twice being afforded additional time to do so. Plaintiff also disregarded the Court's Order to appear on February 7, 2022. Plaintiff's conduct in this regard is willful and demonstrates bad faith. Defendants are certainly prejudiced by Plaintiff's conduct and refusal to prosecute her claims. Plaintiff was expressly warned that failure to appear before the Court on February 7, 2020, may result in the dismissal of her claims. Finally, the undersigned finds that under the circumstances any lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: February 10, 2022                    /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge